**MCGUIREWOODS LLP**
AARON R. MARIENTHAL SBN #273154
amarienthal@mcguirewoods.com
Two Embarcadero Center
Suite 1300
San Francisco, CA 94111-3821
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Synchrony Bank, N.A.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kevin Phung,<br>Plaintiff,<br>vs.<br>Synchrony Bank, N.A.,<br>Defendant. | CASE NO. 25-cv-03151-WQH-JLB<br>The Hon. William Q. Hayes<br>**DEFENDANT SYNCHRONY BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** |

Defendant Synchrony Bank, N.A. ("Synchrony"), by and through its attorneys of record, answers and responds to the Complaint for Damages ("Complaint") filed by Plaintiff Kevin Phung ("Plaintiff"), as follows:

**<u>AS TO PLAINTIFF'S INTRODUCTION</u>**

1. Answering Paragraph 1 of the Complaint, Synchrony admits that Plaintiff purports to bring claims against Synchrony but otherwise denies the allegations in this Paragraph.

2. Answering Paragraph 2 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

3. Answering Paragraph 3 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

4. Answering Paragraph 4 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

5. Answering Paragraph 5 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

6. Answering Paragraph 6 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

7. Answering Paragraph 7 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

8. Answering Paragraph 8 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

9. Answering Paragraph 9 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

/ / /

## AS TO JURISDICTION AND VENUE

10. Answering Paragraph 10 of the Complaint, Synchrony admits only that Plaintiff purports to base his Complaint on alleged violations of the RFDCPA and the TCPA, but denies that Synchrony violated these laws. Except as expressly admitted in this paragraph, above, Synchrony the allegations in this Paragraph.

11. Answering Paragraph 11 of the Complaint, Synchrony admits only that, to the extent the Complaint is not compelled to arbitration, this Court has federal subject matter jurisdiction based on the allegations that Synchrony violated federal law, but denies that Synchrony violated any federal laws. Except as expressly admitted in this paragraph, above, Synchrony denies the allegations in this Paragraph.

12. Answering Paragraph 12 of the Complaint, Synchrony denies the allegations in this Paragraph.

13. Answering Paragraph 13 of the Complaint, Synchrony admits only that, to the extent the Complaint is not compelled to arbitration, this Court has supplemental jurisdiction over the other claims raised in the Complaint, but denies such claims. Except as expressly admitted in this paragraph, above, Synchrony denies the allegations in this Paragraph.

14. Answering Paragraph 14 of the Complaint, Synchrony admits only that Synchrony is authorized to and does conduct business in San Diego County. Except as expressly admitted in this paragraph, above, Synchrony denies the allegations in this Paragraph.

## AS TO PARTIES

15. Answering Paragraph 15 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in said Paragraph and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required,

Synchrony denies the allegations in this Paragraph.

17. Answering Paragraph 17 of the Complaint, Synchrony admits that it is a federally chartered savings association but clarifies that its home offices are in Utah.

18. Answering Paragraph 18 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

19. Answering Paragraph 19 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

20. Answering Paragraph 20 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

21. Answering Paragraph 21 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

22. Answering Paragraph 22 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

23. Answering Paragraph 23 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

24. Answering Paragraph 24 of the Complaint, this Paragraph contains legal

contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

25. Answering Paragraph 25 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

## AS TO GENERAL ALLEGATIONS

26. Answering Paragraph 26 of the Complaint, Synchrony re-incorporates by reference all preceding answers to the preceding paragraphs, as if fully set forth herein, and to the extent a specific response is required, Synchrony denies the allegations in this Paragraph.

27. Answering Paragraph 27 of the Complaint, Synchrony admits only that it issued Plaintiff a credit card which was active in 2024. Except as expressly admitted in this paragraph, above, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

28. Answering Paragraph 28 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

29. Answering Paragraph 29 of the Complaint, Synchrony admits only to calling Plaintiff. Except as expressly admitted in this paragraph, above, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

30. Answering Paragraph 30 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

31. Answering Paragraph 31 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

32. Answering Paragraph 32 of the Complaint, this Paragraph describes the contents of a written document which speaks for itself and is the best evidence of its contents. Synchrony otherwise denies Plaintiff's characterization thereof and further denies any allegation not contained in the referenced document.

33. Answering Paragraph 33 of the Complaint, this Paragraph describes the contents of a written document which speaks for itself and is the best evidence of its contents. Synchrony otherwise denies Plaintiff's characterization thereof and further denies any allegation not contained in the referenced document.

34. Answering Paragraph 34 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

35. Answering Paragraph 35 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

36. Answering Paragraph 36 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

37. Answering Paragraph 37 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

38. Answering Paragraph 38 of the Complaint, Synchrony admits only that it received a letter from Plaintiff's counsel. Except as expressly admitted in this paragraph, above, Synchrony denies the allegations contained in said Paragraph.

39. Answering Paragraph 39 of the Complaint, Synchrony denies the allegations in this Paragraph.

40. Answering Paragraph 40 of the Complaint, Synchrony denies the allegations in this Paragraph.

41. Answering Paragraph 41 of the Complaint, Synchrony denies the allegations in this Paragraph.

42. Answering Paragraph 42 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

43. Answering Paragraph 43 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

44. Answering Paragraph 44 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

45. Answering Paragraph 45 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

46. Answering Paragraph 46 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

47. Answering Paragraph 47 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

48. Answering Paragraph 48 of the Complaint, Synchrony lacks knowledge and information sufficient to form a belief as to the truth of the allegations in this Paragraph and, on that basis, denies the allegations in this Paragraph.

49. Answering Paragraph 49 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required,

Synchrony denies the allegations in this Paragraph.

50. Answering Paragraph 50 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

51. Answering Paragraph 51 of the Complaint, Synchrony denies the allegations in this Paragraph.

**AS TO CAUSES OF ACTION**

**AS TO THE FIRST CAUSE OF ACTION**

**(Violations of California Rosenthal Fair Debt Collection Practices Act)**

52. Answering Paragraph 52 of the Complaint, Synchrony re-incorporates by reference all preceding answers to the preceding paragraphs, as if fully set forth herein, and to the extent a specific response is required, Synchrony denies the allegations in this Paragraph.

53. Answering Paragraph 53 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

54. Answering Paragraph 54 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

55. Answering Paragraph 55 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

56. Answering Paragraph 56 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any

admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

57. Answering Paragraph 57 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

58. Answering Paragraph 58 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

59. Answering Paragraph 59 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

60. Answering Paragraph 60 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

## AS TO THE SECOND CAUSE OF ACTION

**(Negligent and/or Willful Violation of the Telephone Consumer Protection Act)**

61. Answering Paragraph 61 of the Complaint, Synchrony re-incorporates by reference all preceding answers to the preceding paragraphs, as if fully set forth herein, and to the extent a specific response is required, Synchrony denies the allegations in this Paragraph.

62. Answering Paragraph 62 of the Complaint, this Paragraph describes the contents of a written document which speaks for itself and is the best evidence of its contents. Synchrony otherwise denies Plaintiff's characterization thereof and further

denies any allegation not contained in the referenced document.

63. Answering Paragraph 63 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

64. Answering Paragraph 64 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

65. Answering Paragraph 65 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

66. Answering Paragraph 66 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

67. Answering Paragraph 67 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

68. Answering Paragraph 68 of the Complaint, this Paragraph contains legal contentions, conclusions, and/or characterizations by Plaintiff that do not require any admissions or denials by Synchrony but, to the extent a response is required, Synchrony denies the allegations in this Paragraph.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

69. Answering Plaintiff's Prayer for Relief in the Complaint, Synchrony denies that Plaintiff is entitled to any relief he seeks. Except as expressly admitted in

this paragraph, above, Synchrony denies the allegations in this Prayer for Relief.

## AFFIRMATIVE OR OTHER DEFENSES

For its affirmative and other defenses, and without waiving its right to compel Plaintiff to arbitration and/or assuming any burden of proof it does not already have, Synchrony separately alleges that each of the following is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery:

### FIRST AFFIRMATIVE OR OTHER DEFENSE

**(Failure to State a Claim)**

1. The Complaint and each and every purported claim for relief alleged therein fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

**(Lack of Article III Standing)**

2. Plaintiff lacks Article III standing to seek injunctive or declaratory relief because Plaintiff has not alleged, and cannot show, a real and immediate threat of future injury. Plaintiff further lacks Article III standing to recover certain categories of damages because Plaintiff has not alleged a concrete, particularized injury fairly traceable to each challenged call or practice.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

**(Failure to Satisfy Pleading Standards of Fed. R. Civ. P. 8)**

3. The Complaint and the purported claims alleged therein do not establish a plausible entitlement to relief and, as such, do not satisfy the pleading standards of FED. R. CIV. P. 8 as set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

**(Failure to Satisfy Pleading Standards of Fed. R. Civ. P. 9**

4. To the extent that Plaintiff seeks to rest his claims on alleged fraud or mistake, the Complaint is not pled with particularity as required under Rule 9(b). Plaintiff further fails to specify the time and place of his allegations, such as the dates

on which Synchrony is alleged to have called, with sufficiency as required under Rule 9(f). To the extent that Plaintiff seeks to claim an item of special damages that has not been specifically stated, Plaintiff has forfeited his right to claim such special damages.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE**

**(Statutory Preconditions Not Satisfied)**

5. Plaintiff has failed to allege or cannot establish the statutory elements required to recover under the cited statutes, including but not limited to whether each challenged call was placed to a cellular telephone, whether an artificial or prerecorded voice was used, whether Synchrony is a covered person under the statute(s), and whether the alleged communications constitute covered “debt collection.”

**SIXTH AFFIRMATIVE OR OTHER DEFENSE**

**(Statutory Requirements Met or Exceeded)**

6. Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Assumption of Risk)**

7. Plaintiff may not recover for the damages referred to in the Complaint (if occurring at all as alleged or otherwise) or such recovery should be reduced on the grounds that Plaintiff knew of the risks involved and voluntarily assumed those risks.

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

**(Prior Express Consent)**

8. Plaintiff provided prior express consent to be contacted at the telephone number(s) at issue, including in connection with the subject account(s), and any challenged calls were within the scope of such consent.

**NINTH AFFIRMATIVE OR OTHER DEFENSE**

**(Revocation Ineffective or Not Received)**

9. Any alleged revocation of consent or notice of attorney representation was not received by Synchrony, was not effective, was not reasonably identifiable to

the account(s) at issue, or did not comply with applicable requirements, and therefore did not revoke consent or trigger any calling restrictions.

**TENTH AFFIRMATIVE OR OTHER DEFENSE**

**(No Artificial or Prerecorded Voice)**

10. The calls at issue did not use an artificial or prerecorded voice, and any brief connection delays, call transfers, or hold announcements do not constitute an artificial or prerecorded voice within the meaning of applicable law.

**ELEVENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Calls Not to a Cellular Telephone)**

11. Plaintiff cannot demonstrate that each challenged call was made to a cellular telephone within the meaning of the applicable statute(s).

**TWELFTH AFFIRMATIVE OR OTHER DEFENSE**

**(Wrong Number/Third-Party Calls)**

12. To the extent any calls reached a number not provided by Plaintiff, not associated with Plaintiff's account, or belonged to a third party, Synchrony is not liable.

**THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Good-Faith Conduct/No Willfulness)**

13. Synchrony acted in good faith and in reliance on reasonable procedures and training designed to ensure compliance with the law. Any violation, which is denied, was not knowing or willful, and Plaintiff is not entitled to treble or enhanced damages.

**FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(De Minimis/Non-Actionable Conduct)**

14. The frequency, timing, and content of any calls were reasonable and do not constitute a statutory violation, harassment, or actionable conduct.

/ / /

/ / /

**FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Mootness of Equitable Relief)**

15. Plaintiff's request for injunctive or other equitable relief is moot in whole or in part.

**SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(No Vicarious Liability)**

16. To the extent any calls were made by independent third parties outside Synchrony's actual or apparent authority and without ratification, Synchrony is not vicariously liable.

**SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Constitutional and Excessive Penalties Defenses)**

17. Any claim for aggregated statutory damages, penalties, or fines that are grossly disproportionate to any alleged harm would violate the Due Process Clause and/or the Eighth Amendment and is barred or limited on constitutional grounds.

**EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Bona Fide Error)**

18. Any violation, all of which is generally and specifically denied, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

**NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Statutory Exceptions/Compliance)**

19. Any communications at issue fall within statutory or regulatory exceptions, including statements of account, communications made with prior approval, or responses to Plaintiff's inquiries or counsel's communications, or were otherwise compliant.

**TWENTIETH AFFIRMATIVE OR OTHER DEFENSE**

**(Insufficient Notice of Representation)**

20. Any alleged notice of attorney representation failed to reasonably and

verifiably identify the specific debt(s) or account(s) at issue and therefore did not trigger any prohibition on direct communications.

**<u>TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE</u>**

**(No Harassment or Abuse)**

21. Synchrony did not cause a telephone to ring or engage in conduct with the intent to annoy, abuse, or harass, and the pattern, frequency, and content of any calls do not establish harassment or abuse.

**<u>TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE</u>**

**(Failure to Mitigate)**

22. Plaintiff failed to take reasonable steps to mitigate alleged damages, if any, including but not limited to, by using call-blocking features, clarifying consent or representation status, or cooperating to resolve any dialing or contact preferences.

**<u>TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE</u>**

**(Setoff/Recoupment)**

23. Any amounts recoverable by Plaintiff, which are all generally and specifically denied, are subject to setoff and/or recoupment based on sums owed to Synchrony or other equitable considerations.

**<u>TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE</u>**

**(Adequate Remedy at Law/No Equitable Relief)**

24. Plaintiff has an adequate remedy at law and equitable relief is therefore unnecessary, unavailable, or overbroad.

**<u>TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE</u>**

**(Limitations on Damages)**

25. Plaintiff's damages, if any, are limited by applicable statutory caps, proportionality, and causation. Treble or enhanced damages are unavailable absent proof of knowing or willful violation, which Synchrony generally and specifically denies.

/ / /

**TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

**(Arbitration)**

26. Plaintiff's claims are subject to binding arbitration pursuant to the governing account agreement, and Synchrony reserves the right to request that this action be stayed and/or dismissed in favor of arbitration.

**TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Improper Venue/Transfer)**

27. Synchrony preserves all objections as to whether venue is improper or inconvenient, or as to whether this matter should be transferred pursuant to a valid forum selection clause or under applicable transfer statutes.

**TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

**(Personal Jurisdiction)**

28. Synchrony preserves all objections as to personal jurisdiction pending further factual development and without waiver of any contractual defenses.

**TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE**

**(Insufficiency of Process/Service)**

29. Synchrony preserves all objections as to whether process and/or service of process were insufficient, untimely, or otherwise defective, and Synchrony preserves all related defenses.

**THIRTIETH AFFIRMATIVE OR OTHER DEFENSE**

**(Statute of Limitations)**

30. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and repose to the extent they seek relief for conduct outside the limitations period.

**THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE**

**(Waiver, Estoppel, and Ratification)**

31. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and ratification based on Plaintiff's conduct and communications.

**THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE**

**(Unclean Hands)**

32. Plaintiff's claims for equitable relief are barred, in whole or in part, by the doctrine of unclean hands.

**THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE**

**(Laches)**

33. Plaintiff's claims for equitable relief are barred or limited by laches due to Plaintiff's unreasonable delay and resulting prejudice.

**THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE**

**(Comparative Fault/Third-Party Fault)**

34. Any alleged injury was caused or contributed to by Plaintiff and/or third parties over whom Synchrony had no control, and liability, if any, must be reduced or reallocated accordingly.

**THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE**

**(Damages and Causation)**

35. Plaintiff cannot prove actual damages or causation, and any alleged injuries are speculative, not fairly traceable to Synchrony, and/or not recoverable under applicable law.

**THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE**

**(Spoliation)**

36. On information and belief, Plaintiff, or others, either intentionally or negligently, failed to preserve and/or spoiled the primary evidence to this litigation as against Synchrony, thus failing to give Synchrony any opportunity to inspect said evidence, thereby severely damaging and prejudicing Synchrony's ability to present its defense. Plaintiff should be barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

/ / /

/ / /

**THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE**

**(Compulsory Joinder)**

37. Plaintiff has failed to join one or more indispensable parties.

**THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE**

**(Reservation of Rights)**

38. The Complaint is stated in conclusory terms and therefore Synchrony cannot fully anticipate all affirmative defenses that may be applicable in this section. Accordingly, Synchrony reserves the right to add additional affirmative defenses if, and to the extent, such affirmative defenses are applicable in this section.

WHEREFORE, Defendants hereby pray for judgment in their favor as follows:

1. That Plaintiff takes nothing by way of his action;

2. That Plaintiff's action be dismissed in its entirety with prejudice;

3. That Plaintiff be denied each and every demand and prayer for relief in his action;

4. For costs of suit incurred herein, including reasonable attorneys' fees as provided the contracts entered by and between Plaintiff and Synchrony and/or pursuant to applicable law; and

5. For such other and further relief as the Court deems just and proper.

DATED: January 8, 2025 MCGUIREWOODS LLP

By: */s/ Aaron R. Marienthal*
Aaron R. Marienthal

Attorneys for Synchrony Bank, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2026, the foregoing **DEFENDANT SYNCHRONY BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES** was filed electronically in the Court's Electronic Case Filing system ("ECF"); thereby upon completion the ECF system automatically generated a Notice of Electronic Filing ("NEF") as service through CM/ECF to registered e-mail addresses of parties of record in the case.

*/s/ Aaron R. Marienthal*
Aaron R. Marienthal